RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Rika.Valdman@usdoj.gov

JOSEPH HARRINGTON
United States Attorney
Eastern District of Washington
*Of Counsel*

*Attorneys for the United States of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 17-03545-FPC11 |
|---|---|
| ROGER A. STADTMUELLER, | Chapter 11 |
| Debtor. | **UNITED STATES' NOTICE AND MOTION TO DISMISS** |

PLEASE TAKE NOTICE that the United States of America ("United States") hereby moves the Court for an Order dismissing the above-captioned Chapter 11 case.

U.S.' Motion to Dismiss    1
(Case No. 17-03545-FPC11)

Any party objecting to the motion must file a written objection stating the grounds for the objection. Any objection, to be effective, must be filed with the Court no later than 21 days from the service of this Notice, by sending the same to Clerk of the Court at 402 E. Yakima Ave., Suite 200, Yakima, WA 98901 or 904 West Riverside Avenue, Room 304, Spokane, WA 99201, and served upon the undersigned, and on the trustee. The date of service of this Notice is specified below and in the Proof of Service which accompanies this Notice.

All persons should note that their failure to file an objection may result in the Court entering an order as stated above.

## MOTION

The United States, by and through its undersigned counsel, hereby moves this Court for an order dismissing the above-captioned Chapter 11 case. In support of its Motion, the United States provides as follows:

## BACKGROUND

### I. Procedural Background

#### a. Debtor's Prior Bankruptcies

Debtor had previously filed for bankruptcy in the Bankruptcy Court for the Eastern District of Washington on four separate occasions, most recently within less than a year: (1) On June 15, 1999, Debtor filed for bankruptcy under Chapter 7 in Case No. 99-03638-PCW7, and received a bankruptcy discharge on September

15, 1999; (2) On November 25, 2013, Debtor filed for bankruptcy under Chapter 13 in Case No. 13-04628-FPC13, and the case was dismissed on January 5, 2014; (3) On December 23, 2015, Debtor filed for bankruptcy under Chapter 13 in Case No. 15-04158-FPC13, and the case was dismissed on February 11, 2016; and most recently (4) On February 23, 2017, Debtor filed for bankruptcy under Chapter 11 in Case No. 17-00483-FPC11, and the case was dismissed on August 29, 2017.

### b. Debtor's Current Bankruptcy

On December 8, 2017, Debtor filed a voluntary bankruptcy petition under Chapter 11 in this case. ECF No. 1. On December 22, 2017, Debtor submitted his Bankruptcy Schedules. ECF Nos. 16-26. Schedule A/B, Property, lists the value of all of Debtor's property as $2,900,855.00. ECF No. 17, at 1, 8. Schedule D, Creditors Who Have Claims Secured by Property, and Schedule E/F, Creditors Who Have Unsecured Claims, provide for a total of $2,163,957.86 of liabilities. ECF No. 18, at 1; ECF Nos. 20, 21.

On Schedule E/F, Debtor lists the IRS as a creditor of an <u>unsecured priority claim</u>, and provides that the total amount of the claim is $0. Debtor also provides that the claim is for "taxes and other debts you owe the government", lists the years 2006-2015, and provides that the claim is disputed. ECF No. 21, at 1. Debtor then lists the IRS as a creditor of a nonpriority unsecured creditor for a claim $400,000 due to Judgment. ECF No. 21, at 7.

On Schedule I, Your Income, Debtor provides that he is currently unemployed, and earns $7,750 per month from rental property and operating a business, profession or farm. On the attached Statement of Financial Affairs for Individuals Filing for Bankruptcy, in Part 2, Question 5, Debtor provided that his Rental Income (approximate to be supplemented) for the year to date was $42,000 before deductions and exclusions, and for the previous year was $40,700. ECF No. 16, at 2. This does not amount to $7,750 per month ($42,000/12=$3,500 in 2017, and $40,700/12=$3,392 in 2016). Additionally, while item 8a on Schedule I instructs to attach a "statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income," Debtor has not attached such statements to his Bankruptcy Schedules. ECF Nos. 16-26, generally. Finally, Debtor states that he expects his income to increase within the next six months due to his release from prison, as "business needs to be rehabilitated after neglect while in prison." ECF No. 24, at 2. Debtor does not explain the source of this alleged future income, or how the business will need to be rehabilitated.

Schedule J, Your Expenses, lists Debtor's monthly expenses as $12,007. Debtor does not provide making any payments towards his income tax liabilities or restitution payments. ECF No. 25, at 2. Debtor's monthly net income is listed as negative $4,257. *Id.*

### c. IRS Proof of Claim

On January 31, 2018, the IRS filed a Proof of Claim in this matter. Claim No. 2-1. The Claim provides for a secured claim of $242,038.10 for civil penalties for the taxable years 2011 through 2014; as well as a judgment and order for restitution in the amount of $400,000 plus interest in the amount of $152,954.63. Claim 2-1, Part 3, p. 4. The Claim also provides for an unsecured priority claim of $856,232 for income tax liabilities for the taxable years 2008 through 2010 and 2013 through 2016.[1] Claim 2-1, Part 3, p. 5.

### II. Debtor's Tax Liabilities

On July 11, 2016, Debtor entered into a Plea Agreement in Case No. 2:15-cr-00059-RMP in the District Court for the Eastern District of Washington. ECF No. 46 in Case No. 2:15-cr-00059-RMP. Debtor plead guilty to three felony counts of making and subscribing a false income tax return under 26 U.S.C. § 7206(1) for the taxable years 2006, 2007, and 2008, and agreed to pay restitution of $400,000 to the Internal Revenue Service ("IRS") under 18 U.S.C. § 3663(a)(3). The Plea Agreement provided that the restitution amount "in no way binds the IRS

---

[1] The income tax liability for the taxable years 2008 through 2010 is an unassessed amount estimated by examination. The income tax liability for the taxable years 2013 through 2016 is listed as a "potential liability for the debtor because the return has not been filed." Claim 2-1, Part 3, p. 5, n. 2.

regarding the Defendant's federal income tax liability, penalties, and interest for the tax years 2006 to the present, pertaining to his individual income tax returns, corporate income tax returns, or tax returns for any other entity with which the Defendant is affiliated. Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period." ECF No. 46 in Case No. 2:15-cr-00059-RMP, at 8, ¶ 12. Finally, under the Plea Agreement, Debtor was to receive "full credit for amounts paid as restitution… towards the IRS's final determination of debtor's Federal income tax liability, penalties, and interest." ECF No. 46 in Case No. 2:15-cr-00059-RMP, at 9, ¶ 13.4.  On October 13, 2016, Judgment was entered, the Debtor was sentenced to 15 months imprisonment, and was ordered to pay restitution payment to the IRS of $88,000 for the taxable year 2006, $112,000 for the taxable year 2007, and $200,000 for the taxable year 2008, a total of $400,000. ECF No. Additionally, as reflected on the proof of claim, Debtor has unassessed income tax liabilities that are estimated by examination for the taxable years 2008 through

2010. Claim No. 2-1, Part 3, p. 5[2]. The Proof of Claim also reflects income tax liabilities for the taxable years 2013 through 2016 that are estimated, that have not been assessed because Debtor has failed to file timely income tax returns for these years.

## ARGUMENT

On request of a party in interest and after notice and a hearing, the Court may dismiss a Chapter 11 case if the movant establishes cause. 11 U.S.C § 1112(b)(1). A motion filed under § 1112(b) "invokes a two-step analysis, first to determine whether cause exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and second to determine which option is in 'the best interest of creditors and the estate.'" *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.),* 14 F.3d 240, 242 (4th Cir. 1994) (citation omitted).

Here, cause for dismissal of the case exists because there is substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation under 11 U.S.C. § 1112(b)(4)(A). Section

---

[2] While the income tax liabilities for the taxable years 2008 through 2010 have not been assessed yet, the liability is still properly reflected on the Proof of Claim. *See In re Goldston*, 104 F.3d 1198, 1201 (10th Cir. 1997) ("While the absence of an assessment prevents the IRS from administratively collecting the tax, it may still file a civil action, which is the functional equivalent to filing a proof of claim in a bankruptcy proceeding."). *See also In re Polichuk*, 506 B.R. 405, 427 (Bankr. E.D. Pa. 2014); *In reIn re White*, 168 B.R. 825 (Bankr. D. Conn. 1994).

U.S.' Motion to Dismiss      7
(Case No. 17-03545-FPC11)

1112(b)(4)(A) may be satisfied by showing a loss that will "materially negatively impact the bankruptcy estate and the interest of creditors" or "dwindling liquidity, or illiquidity resulting in unpaid postpetition debts which usually constitute administrative expenses that will take priority over prepetition claims." 7 Collier on Bankruptcy ¶ 1112.04[6][a] [i] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012). The second prong of § 1112(b)(4)(A), rehabilitation, is a different and higher standard than reorganization, which is usually measured by the ability to confirm a plan. *Id.*

Cause for dismissal is also when Debtor files his Petition in bad faith. Although section 1112(b) does not explicitly require that cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal. The good faith requirement does not depend on a debtor's subjective intent, but rather encompasses several, distinct equitable limitations that courts have placed on Chapter 11 filings. *In re Marshall*, 721 F.3d 1032, 1047-48 (9th Cir. 2013) (citing *In re Marsch,* 36 F.3d 825, 828 (9th Cir. 1994)). A filing lacks good faith if it is filed in an attempt "to unreasonably deter and harass creditors" and to "achieve objectives outside the legitimate scope of the bankruptcy laws." *In re Marsch,* 36 F.3d 825, 828 (9th Cir. 1994). The question of a debtor's good faith depends on an amalgam of factors and not upon a specific fact. *Idaho Dep't of Lands v. Arnold*, 806 F.2d 937, 939 (9th Cir. 1986).

The courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions.' A Debtor bears the burden of proving that the petition was filed in good faith." *In re Marshall*, 721 F.3d at 1047-48 *(internal citations and quotations omitted); see also In re ECV Dev., LLC*, No. BAP SC-06-1453-PAMKB, 2007 WL 7540960, (B.A.P. 9th Cir. June 15, 2007) (unpublished opinion). Where reorganization is objectively futile, a Chapter 11 petition should be dismissed for bad faith. *Carolin Corp. v. Miller*, 886 F.2d 693, 700 (4th Cir.1989). A debtor's history of filings and dismissals is relevant in determining whether a plan has been proposed in good faith. *In re Nash*, 765 F.2d 1410, 1415 (9th Cir. 1985); *see also In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999). Finally, failure to file tax returns is indicative of lack of good faith in filing a bankruptcy petition, and justifies dismissal of the proceeding. *See In re Eilertson*, 211 B.R. 526, 529–30 (Case No. 3:96-600-17BC, District of South Carolina 1997), and cases cited therein.

Here, Debtor filed a fourth bankruptcy petition in a period of three years and two weeks. The three preceding bankruptcy petitions he filed were dismissed. ECF No. 15 in Case No. 13-04628; ECF No. 17 in Case No. 15-04158; and ECF No. 50 in Case No. 17-00483 in the Bankruptcy Court for the Eastern District of Washington.

The IRS's Claim reflects secured claims of $242,038.10, and unsecured

priority claims of $856,232, as well as restitution of $400,000 plus interest of $152,954.63. Debtor's petition and schedules do not account for any payments to be made to the IRS to satisfy any of these obligations. Further, Debtor has unfiled income tax returns for the taxable years 2013 through 2016. Debtor's bankruptcy was filed in bad faith, and there is substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. As such, this case should be dismissed.

     For the foregoing reasons, the United States respectfully requests that the Court dismiss this Chapter 11 case.

Respectfully submitted on February 1, 2018.

                                      RICHARD E. ZUCKERMAN
                                      Principal Deputy Assistant Attorney General

                                      */s/ Rika Valdman*
                                      RIKA VALDMAN
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 683
                                      Washington, D.C. 20044
                                      202-514-6056 (v)
                                      202-307-0054 (f)
                                      Rika.Valdman@usdoj.gov

                                      JOSEPH HARRINGTON
                                      United States Attorney
                                      Eastern District of Washington
                                      *Of Counsel*

                                      *Attorneys for the United States of America*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2018, I filed the foregoing document with the Court through the Court's CM/ECF system, which will send notification of such filing to the following:

**Timothy R. Fischer**
Email: trf@winstoncashatt.com
*Attorney for Debtor*

**James D Perkins**
Email: james.perkins@usdoj.gov
*Attorneys for the United States' Trustee*

**LESLEY D. LUEKE**
Email: ecfwaeb@aldridgepite.com
*Attorney for Creditor JPMorgan Chase Bank, N.A.*

I further certify that on this 1st day of February, 2018, I caused the mailing of the foregoing to the following:

**Aldridge Pite, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

 */s/ Rika Valdman*
RIKA VALDMAN
Trial Attorney
Civil Trial Section, Western Region