TIMOTHY R. FISCHER, WSBA No. 40075
WINSTON & CASHATT, LAWYERS
601 W. Riverside Avenue, Suite 1900
Spokane, WA 99201
Telephone: (509) 838-6131
Facsimile: (509) 838-1416
trf@winston&cashatt.com
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

In re:

**ROGER A. STADTMUELLER,**

                        Debtor.

No. 17-03545-FPC11

**DEBTOR'S PLAN OF REORGANIZATION**

## I.    INTRODUCTION

Roger A. Stadtmueller (the "Debtor") filed a Petition for relief under Chapter 11 of the Bankruptcy Code on December 8, 2017.

The Plan of Reorganization (the "Plan") is the arrangement by which the Debtor proposes to treat the amount of each debt owing on the date of the filing of the petition.

The Court will set a date for filing an Acceptance of the Plan. Creditors may vote on the Plan by filling out and mailing a Ballot to the Clerk of the Bankruptcy Court. Creditors are divided into numbered classes. Of the ballots cast, in each class creditors holding more than one-half (1/2) of the allowed claims and also more than two-thirds (2/3) of the dollar amount, must vote for acceptance.

NO REPRESENTATIONS CONCERNING THE DEBTOR'S BUSINESS OPERATIONS OR VALUE OF PROPERTY ARE AUTHORIZED OR ARE RELIEF ON EXCEPT AS IN THE ACCOMPANYING DISCLOSURE STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO INFLUENCE YOUR ACCEPTANCE WHICH ARE OTHER THAN IN THIS STATEMENT, SHOULD NOT BE RELIED UPON BY YOU.

THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. THE RECORDS KEPT BY THE DEBTOR UPON WHICH A SUBSTANTIAL PORTION OF THIS STATEMENT IS BASED, ARE DEPENDENT UPON ACCOUNTING PERFORMED BY THE DEBTOR, OR BY A SEPARATE ACCOUNTING FIRM, WHEN SPECIFICALLY MENTIONED. FOR THE FOREGOING REASON, AS WELL AS BECAUSE OF THE COMPLEXITY OF THE FINANCIAL MATTERS OF THE DEBTOR, HE IS UNABLE TO WARRANT OR REPRESENT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH GREAT EFFORT HAS BEEN MADE TO BE ACCURATE.

Objection to Confirmation of this Plan must be filed with the Court and served upon Debtor's counsel, Timothy R. Fischer, Winston & Cashatt, Lawyers, 601 W. Riverside, Suite #1900, Spokane, WA 99201, by the date indicated in the Notice of Filing Disclosure Statement and Plan of Reorganization.

## II. DEFINITIONS.

1. "Administrative Expense" means any cost or expense of administration incurred in connection with the Debtor's Bankruptcy case of a kind specified in § 503(b) of the Bankruptcy Code including, but not limited to,

those types of expenses referred to in §§ 507(a)(1) and 1114(e)(2) of the Bankruptcy Code and including, without limitation, any actual and necessary costs and expenses of preserving the Debtor's estate, incurred after the Petition date, and including any indebtedness or obligation incurred or assumed by the Debtor, as Debtor in Possession, in connection with the conduct and operation of his business, his personal living expenses, all compensation for legal or other services and reimbursement of costs and expenses allowed under §§ 330(a) and 331 of the Bankruptcy Code or otherwise pursuant to Court order, all costs of making distributions and all fees and charges assessed against the Debtor's estate.

2. "After Notice and Hearing" means after such notice and such opportunity for a hearing as is required by a Bankruptcy Rule, Local Bankruptcy Rule 2002 or otherwise appropriate in the particular circumstances. It authorizes an act to be done or an Order to be entered without an actual hearing if a notice is given properly and if a hearing is not requested timely or no objection is timely made or if there is insufficient time for a hearing to be held before the act must be done and the Court authorizes the act.

3. "Allowed Claim" shall mean a Claim (a) for which a Proof of Claim has been filed with the Court within the time fixed by the Court, and/or which is scheduled in the list of Creditors prepared and filed with the Court by the Debtor and is not listed as disputed, contingent or unliquidated as to amount; (b) as to which a final order or judgment has been entered allowing said amount; (c) where an objection has been filed to a timely Proof of Claim, said claim shall be such as is later determined by the court after notice and hearing, or by stipulation between the Debtor and the claimant; or (d) an amount of claim set by the Court.

4.    "Allowed Secured Claim" shall mean an Allowed Claim secured by a judgment lien, mortgage, Deed of Trust, perfected security interest or other recorded charge against or interest in property in which the Debtor have an interest and which property has a present fair market value in a sufficient amount to pay all superior lien claims and the amount of the Allowed Secured Claim. If the value of the property is insufficient to pay the claim in full, it is an Allowed Secured Claim to the extent of the Debtor's equity (fair market value) in excess of superior lien claims.

5.    "Claim" shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to equitable remedy is reduced to judgment, whether unmatured, disputed, undisputed, legal equitable, secured or unsecured.

6.    "Code" shall mean Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.*

7.    "Confirmation" shall mean the entry of an order confirming the Plan of Reorganization.

8.    "Court" shall mean the United States Bankruptcy Court for the Eastern District of Washington.

9.    "Creditors" shall mean all Claimants of the Debtor holding Claims for liabilities, demands or claims of any character whatsoever, including unliquidated or contingent claims.

10.    "Debtor's Home" shall mean the Debtor's personal residence.

11.    "Debtor's Rental Properties" shall mean the residences owned by the Debtor in which he does not reside.

12. "Interest," when referring to a financial interest rate, shall mean interest as computed at an annual percentage rate, unless stated otherwise.

13. "Plan Funding Account" shall mean an account opened to which disposable income is placed before and after Confirmation, and from which payments distributed under the Plan will be derived from.

14. "Schedules" shall mean the list of assets and liabilities required to be filed pursuant to Section 521 of the Code, and which Debtor has filed and any amendments thereto.

15. "Secured Claim" shall mean all or that portion of any Claim that is secured by a valid perfected lien on property of the Debtor, to the extent of the value of the interest of the holder of such Claim in such property, as determined by agreement between the Debtor and the holder of such Secured Claim or by the Court by a Final Order pursuant to § 506(a) of the Bankruptcy Code, together with such interest (including, where applicable, interest accrued on or after the Petition Date), fees, costs and charges as may be allowable by such agreement or by the court under Section 506(b) of the Bankruptcy Code. To the extent that a Secured Claim is subject to divestment by § 552 of the Bankruptcy Code, or by any other provision of the Bankruptcy Code, such Secured Claim shall be classified as a general unsecured claim.

15. "Unsecured Filed Claim" shall mean an Allowed Claim that is not a Secured Claim or not an Allowed Secured Claim.

16. "Unsecured Unfiled Claim" shall mean an unsecured claim that has not been filed, and will be deemed not Allowed.

## III.  PURPOSE OF THE PLAN

The purpose of this Plan is to provide a method of orderly payments to priority, secured, and unsecured Creditors, recognizing that should secured Creditors foreclose on their security or priority Creditors attach property of the Debtor, there would be insufficient property remaining for unsecured Creditors to satisfy the full amount due them.  The Disclosure Statement circulated herewith and the Schedules filed with the Court should be reviewed in this regard.

## IV.  SUMMARY OF PLAN

### 1.    **Purpose and Description of Plan**

As required by the Code, the Plan places Claims and interests in various classes and describes the treatment each class will receive.  The Plan also states whether each class of claims or equity interests is impaired or unimpaired.  If the Plan is confirmed, your recovery will be limited to the amount as described in the Plan.

### 2.    **Priority Tax Claims**

Priority tax claims are unsecured income, employment and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.  The IRS has a currently filed claim which shall be addressed below.  If any other claims are filed and allowed, they shall be paid in full with statutory interest in accordance with the Plan, unless disputed and a determination is made by the Court as to its validity.

# V.   EXECUTION OF THE PLAN

The Plan provides for classification of claims and interests into Fourteen (14) classes. The classes and the known members of each class are as follows:

## Class 1:  Costs of administration

**Description**:  Class 1 consists of costs of Administration.

**Treatment**:  Administrative claims will be treated pursuant to 11 U.S.C. § 503, to be determined and approved by the Court.  Class 1 consists of Debtor's attorney's fees, U.S. Trustee fees and any other administrative fee coming due between the date of the Petition and the date of Order of Confirmation.  Class 1 shall receive attorney fees upon entry of any Order Authorizing Compensation, or by any other arrangement reached by the parties. At the Effective Date, payment of all Trustee fees incurred since date of filing shall be paid, and any other Class 1 claims shall be paid thereafter, prior to any other class.

## Class 2:  Consists of Priority Claim of the I.R.S.

**Description:**  Class 2 consists of taxes claimed by the I.R.S. in the amount of $856,232.00

**Impaired:** Yes.

**Treatment:**

The IRS's claim is derived from unfiled taxes that have been estimated by the IRS, as well as a judgment in the amount of $400,000.00, resulting from a judgment in a criminal proceeding.  The judgment and plea agreement with the United States sets forth that the $400,000 judgment shall be reduced to the amount that the  Debtor actually owes after he files the missing tax returns, and said returns are approved by the IRS.  The Debtor expects, based on his estimates

17-03545-FPC11    Doc 53    Filed 02/05/18    Entered 02/05/18 16:42:56    Pg 7 of 24

as well as the unfiled tax returns that he has completed, which will be reviewed by an unbiased third party, that the amount actually owed to the IRS will be up to half the amount of the judgment, resulting in a muchly reduced amount to be owed to the IRS. In any event, after the returns are filed and approved by the IRS, the Debtor shall pay that amount that is determined to be due based on the returns and the agreement between the Debtor and the IRS.

The Debtor will pay the amount due to the IRS by two methods:

1.     Sale of the Debtor's Personal Residence, as set forth below. The IRS will be paid any proceeds of the sale after closing costs and distributions to the Secured Creditor.

2.     In yearly payments, in full at the end of the taxable year, following payment of all Class 1 attorney fees. Payments will be as described below, in Section VII. Debtor is free to pay the entire principal balance due at any time, including payment of the accrued interest due at time payment is made. Debtor expects to begin payments in the second year.

The Debtor, in any case, will pay such amount due prior to the 59th month from the filing of the Petition. Any Administrative taxes accruing prior to Confirmation shall be paid in full upon the Effective Date of the Plan or when due with the return, whichever occurs later. The Debtor will file, and pay all amounts owing thereon, all post-petition federal tax returns timely as they become due.

In all events, this claimant shall be paid in full before six years from date of each respective assessment. This claimant retains all rights to file statutory liens post-confirmation and shall retain all Statutory Enforcement rights. The claims of the IRS shall not be discharged until paid in full. If the Debtor fails to comply with the Plan payments, or the timely filing, and payments thereon, of

post-petition returns, as agreed to herein, the IRS shall provide Debtor's counsel, as well as Debtor, with notice of the default. Said notice shall either be by letter or by email. Following the notice, Debtor shall have thirty (30) days to cure the default. If the default is not cured, any remaining pre-petition and post-petition tax debts owed to the IRS shall become immediately due and payable and the IRS may collect these unpaid liabilities through any and all of its usual collection means. The IRS's statutory right to offset its claim against the Debtor's tax return is unaffected by this Plan, or by any payment method made under this Plan.

Any interest that the IRS may be entitled to shall be paid at the statutory rate of interest set forth in 26 U.S.C. Section 6621.

**Class 3: Consists of the Priority Claim of State of Washington (DSHS)**

**Description:** Class 3 consists of the Priority Claim of DSHS in the scheduled amount of $657.00

**Impaired:** Yes.

**Treatment:**

The Debtor shall make one payment to this class, with interest of 4% applied to said payment, as described in Section VII below, to the extent that it is still owed.

Going forward post-confirmation, the Debtor does not expect any claims from this creditor, but to the extent they arise, he shall pay such claims as they become due.

**Class 4:  Consists of the Priority Claim of Belinda Stadtmueller**

**Description:** Class 4 consists of the possible Priority Claim of Belinda Stadtmueller.

**Impaired:** Yes.

**Treatment:**

There is no amount currently owed to Belinda Stadtmueller from the pending dissolution proceeding between the Debtor and Ms. Stadtmueller.  The Debtor has been negotiating a divorce decree which will necessitate a future Motion for Relief from the Automatic Stay.

**Class 5:  Consists of the Secured Claim of Specialized Loan Servicing**

**Description:** Class 5 consists of the secured claim of Specialized Loan Servicing in the scheduled amount of $1,096,587.99, which is secured by a Deed of Trust against the Debtor's residence.

**Impaired:**         Yes.

**Treatment:**         The Debtor has engaged a realtor to sell the real property, and an application to employ realtor is pending with the Court.  This class shall receive no payments until the property is sold, at which time it will receive payment in full for any allowed, undisputed claim.   The remaining proceeds of the sale shall be paid to the IRS after a final determination of the amount due to the IRS.

**Class 6:  Consists of the Secured Claim of Nationstar Mortgage**

**Description:**   Class 6 consists of the First Position Secured Claim of Nationstar Mortgage, said claim being secured by rental property located at 8825

N. Prescott, Spokane, Washington, and valued in the approximate amount of $390,000:

**Impaired:**     Yes

**Treatment:**     Nationstar Mortgage's Allowed Secured Claim shall be evidenced by a promissory note ("Plan Note") and a deed of trust ("Plan Deed of Trust") in substantially the same form as those attached to Nationstar Mortgage's proof of claim, if one is filed.

**Principal Balance:**     The Principal balance of Nationstar Mortgage's Allowed Secured Claim shall be approximately $22,115.77.

**Interest Rate and Amortization Schedule**:     4.0% simple interest amortized over 30 years with a Balloon Payment due as described below.

**Monthly Payment Schedule:**  Each month for a period of One Hundred Eighty (180) months beginning the month after the Effective Date, Reorganized Debtor shall make monthly principal and interest payments to Nationstar Mortgage.  All principal, interest and all other fees and costs which have accrued under the Plan Note shall be due and payable at the maturity date, which shall be in the month that is One Hundred Eighty (180) months after the Effective Date. All monthly payments are due on the 15th day of every month.

**Monthly Payment and Balloon Payment:**  Monthly payments under the Plan Note shall be:

- $105.58 per month for One Hundred Eighty (180) months, excluding any escrow payments agreed to by the parties.
- One lump sum payment on the maturity date for the entire remaining unpaid balance of principal and interest owing on the Plan Note.

Payments shall begin the first month after the Effective Date.  Post-confirmation payments will be due on the 15th of each Month.

**No Prepayment Penalty:** Notwithstanding the terms of the Plan Note or any prepetition agreement between Nationstar Mortgage and the Debtor, Reorganized Debtor may prepay all sums due under the Plan Note without penalty and shall have no obligation to pay a prepayment penalty or premium.

**Default:** Default under the Plan Note will be defined as when any due and owing monthly payment is more than thirty (30) days late from the date said Plan Note payment is due. Upon the occurrence of any default under the Plan Note, the Debtor and Nationstar Mortgage will retain their rights to proceed as appropriate pursuant to the Bankruptcy Code and any relevant state law provisions. While the bankruptcy proceeding remains open, Nationstar Mortgage shall seek relief in the Bankruptcy Court prior to obtaining any relief in any state court.

### Class 7: Consists of the Scheduled Secured Claim of Flagstar Bank

**Description:** Class 6 consists of the alleged Scheduled Secured Claim of Flagstar Bank, said claim being secured by rental property located at 8825 N. Prescott, Spokane, Washington, and valued in the approximate amount of $390,000:

**Impaired:** Yes

**Treatment:** The Debtor has reason to believe that there are deficiencies with regard to this claim at the time of the transaction, or that it is no longer enforceable. Debtor will determine whether the claim is secured and enforceable, or is unsecured, or is unenforceable in any manner, as part of his duty to lower classes.

**Principal Balance:** The Principal balance of Flagstar Bank's Allowed Secured Claim shall be determined if it files a claim.

**Interest Rate and Amortization Schedule**: 4.0% simple interest amortized over 30 years with a Balloon Payment due as described below, if it is determined that this Class has an enforceable secured claim.

### Class 8: Consists of the Secured Claim of Seterus

**Description:** Class 8 consists of the Scheduled First Position Secured Claim of Seterus, said claim being secured by rental property located at 5727 W. Villa Theresa, Glendale, AZ, and valued in the approximate amount of $190,000:

**Impaired:** Yes

**Treatment:** Seterus's Allowed Secured Claim shall be evidenced by a promissory note ("Plan Note") and a deed of trust ("Plan Deed of Trust") in substantially the same form as those attached to Seterus's proof of claim if it is filed.

**Principal Balance:** The Principal balance of Seterus's Allowed Secured Claim shall be approximately $17,324.97.

**Interest Rate and Amortization Schedule**: 4.0% simple interest amortized over 30 years with a Balloon Payment due as described below.

**Monthly Payment Schedule:** Each month for a period of One Hundred Eighty (180) months beginning the month after the Effective Date, Reorganized Debtor shall make monthly principal and interest payments to Seterus. All principal, interest and all other fees and costs which have accrued under the Plan Note shall be due and payable at the maturity date, which shall be in the month that is One Hundred Eighty (180) months after the Effective Date. All monthly payments are due on the 15th day of every month.

**Monthly Payment and Balloon Payment:** Monthly payments under the Plan Note shall be:

- $82.71 per month for One Hundred Eighty (180) months, excluding any escrow payments agreed to by the parties.
- One lump sum payment on the maturity date for the entire remaining unpaid balance of principal and interest owing on the Plan Note.

Payments shall begin the first month after the Effective Date. Post-confirmation payments will be due on the 15th of each Month.

**No Prepayment Penalty:** Notwithstanding the terms of the Plan Note or any prepetition agreement between Seterus and the Debtor, Reorganized Debtor may prepay all sums due under the Plan Note without penalty and shall have no obligation to pay a prepayment penalty or premium.

**Default:** Default under the Plan Note will be defined as when any due and owing monthly payment is more than thirty (30) days late from the date said Plan Note payment is due. Upon the occurrence of any default under the Plan Note, the Debtor and Seterus will retain their rights to proceed as appropriate pursuant to the Bankruptcy Code and any relevant state law provisions. While the bankruptcy proceeding remains open, Seterus shall seek relief in the Bankruptcy Court prior to obtaining any relief in any state court.

## Class 9: Consists of the Secured Claim of Chase

**Description:** Class 9 consists of the Scheduled Second Position Secured Claim of Chase, said claim being secured by rental property located at 5727 W. Villa Theresa, Glendale, AZ, and valued in the approximate amount of $190,000:

**Impaired:** Yes

**Treatment:** Chase's Allowed Secured Claim shall be evidenced by a promissory note ("Plan Note") and a deed of trust ("Plan Deed of Trust") in

substantially the same form as those attached to Chase's proof of claim, if one is filed.

**Principal Balance:** The Principal balance of Chase's Allowed Secured Claim shall be approximately $99,000

**Interest Rate and Amortization Schedule:** 4.0% simple interest amortized over 30 years with a Balloon Payment due as described below.

**Monthly Payment Schedule:** Each month for a period of One Hundred Eighty (180) months beginning the month after the Effective Date, Reorganized Debtor shall make monthly principal and interest payments to Chase. All principal, interest and all other fees and costs which have accrued under the Plan Note shall be due and payable at the maturity date, which shall be in the month that is One Hundred Eighty (180) months after the Effective Date. All monthly payments are due on the 15th day of every month.

**Monthly Payment and Balloon Payment:** Monthly payments under the Plan Note shall be:

- $472.64 per month for One Hundred Eighty (180) months
- One lump sum payment on the maturity date for the entire remaining unpaid balance of principal and interest owing on the Plan Note.

Payments shall begin the first month after the Effective Date. Post-confirmation payments will be due on the 15th of each Month.

**No Prepayment Penalty:** Notwithstanding the terms of the Plan Note or any prepetition agreement between Chase and the Debtor, Reorganized Debtor may prepay all sums due under the Plan Note without penalty and shall have no obligation to pay a prepayment penalty or premium.

**Default:** Default under the Plan Note will be defined as when any due and owing monthly payment is more than thirty (30) days late from the date said

Plan Note payment is due. Upon the occurrence of any default under the Plan Note, the Debtor and Chase will retain their rights to proceed as appropriate pursuant to the Bankruptcy Code and any relevant state law provisions. While the bankruptcy proceeding remains open, Chase shall seek relief in the Bankruptcy Court prior to obtaining any relief in any state court.

### Class 10:  Consists of the Secured Claim of Bank of America

**Description:**  Class 10 consists of the Scheduled Secured Claim of Bank of America, said claim being secured by a 2008 Fleetwood Discovery Hilton scheduled at the value of $110,000, and $136,000 being scheduled as the amount due.:

**Impaired:**        Yes

**Treatment:**        Debtor's scheduled value is likely on the very high end, due to hail storm damage and other issues with the vehicle. The Debtor will obtain a valuation of the vehicle, and said subsequent valuation shall be the amount that Bank of America is secured. The Debtor retains the option to abandon this property from the estate.

**Principal Balance:**        The Principal balance of Bank of America's Allowed Secured Claim shall be determined after a valuation is obtained from a qualified party and a modification of plan shall be filed.

**Interest Rate and Amortization Schedule**:        4.0%   simple   interest amortized over 15 years on any allowed secured claim.

### Class 11:   Consists of all Scheduled Unsecured Creditors Filing Timely Claims.

**Description:**        Class 11 consists of Scheduled Unsecured Claims, scheduled in the amount of $92,483. No Creditors have filed claims as of this

date. If timely claims are not filed, the creditors that do not timely file will be moved to Class 12.

**Impaired: Yes**

**Treatment:**

This Class consists of known business and personal debt claims. Unsecured Creditors, as shown on the Debtor's Schedule F, consist of the following claims:

| | | |
|---|---|---|
| a) | Al Stadtmueller | $40,000.00 |
| b) | Barclays Bank Deleware | $5,097.00 |
| c) | Capital One Bank USA | $3,339.00 |
| d) | Chase (414720) | $11,461.00 |
| e) | Chase (541822) | $6,900.00 |
| g) | Chase (418581) | $3,876.00 |
| h) | Chase (418586) | $12,791.00 |
| j) | U.S. Bank | $9,019.00 |

TOTAL UNSECURED CLAIMS       appx $92,483.00

The amount to be paid to this class is estimated below in Section VII to be 100%, and will depend on the Debtor's income and the sale of property. This Class shall be paid only after Class 1, 2, 3 and 4 are fully paid.

Debtor believe that 100% of unsecured claims will be paid.

Payments shall be paid as described below, in Section VII. Each Class 11 claimant shall receive its dividend share therefrom.

This class will receive more than by liquidation of the Debtor's estate in a Chapter 7, pursuant to the liquidation analysis attached to the Disclosure Statement as Appendix "A". The Debtor has attached a post-confirmation

"estimated" I and J to the Disclosure Statement as Exhibit "B". The projected disposable-income is a "best-case" scenario, and the Debtor in Section VII below have presented a more realistic situation.

**Class 12:  Consists of Untimely filed Unsecured Claims**

**Description:** Class 12 consists of any untimely filed secured claims that arise during the course of this proceeding.

**Impaired:** Yes.

**Treatment:**  Untimely claims shall only be paid following payment of all Class 12 debts.  Debtor will investigate the validity of any scheduled unsecured, untimely filed claims, and object to them as appropriate.

**Class 13:  Consists of Subordinated Administrative claims**

**Description:** Class 13 consists of the unsecured claims of Winston & Cashatt, Lawyers, arising from representation in the Debtor's prior bankruptcy proceeding.

**Impaired:** Yes.

**Treatment:**

**Amount Due**

Winston & Cashatt, Lawyers                                    $17,000 est.

**Payment and Treatment**

This Class will not be paid on their claim until all other classes, excluding the Debtor, are paid in full.

**Class 14:  Consists of The Debtor**

**Description:**       Class 14 consists of the Debtor.

**Impaired:**    N/A.

**Treatment:**    The Debtor retain all property of the estate not distributed to the other classes above.

## VI.    <u>FUNDING OF THE PLAN</u>

The Debtor's Plan, as proposed, will be funded as follows:

**a. Total Distributed: approximately $512,000**

To Class 1: Attorney's Fees: $30,000 (est.)

Trustee Fees:  $15,000 (est.)

To Class 2: IRS:  unknown, but estimated to be between $200,000, and $350,000, after stipulated modification of judgment

To Class 3: DSHS - $657

To Class 4: Belinda Stadtmueller – unknown, but expected to be less than $40,000

To Class 11: Timely filed Unsecured Creditors: $92,483.00 - Payment in full

To Class 12: To be determined – Payment in full

To Class 13: To be determined – Payment in full

**b. Distribution by year and lump sum (*approximate*):**

Year One: $340,000

To Class 1 Att fees: $30,000

To Class 1 trustee: $5,000

To Class 2 IRS: $263,483 (or less depending on final amount due)

To Class 3 DSHS: $657

To Class 4: 40,000

        To Class 11 uns: 0

Year Two: $50,000

        To Class 1 trustee: 5,000

        To Class 2 IRS:  $36,517

        To Class 11 uns.: $7,483

Year Three:  $50,000

        To Class 1 trustee: 5,000

        To Class 11 uns.: 45,000

Year Four:  $50,000

        To Class 1 trustee: 5,000

        To Class 11 uns.: 40,000

Year Five:  $22,000

        To Class 1 trustee: 22,000

        To Class 13 uns.: $17,000

## Yearly Payments

Payments described above shall be made annually, with the first payment being made one year from the confirmation of the Plan, and continuing on said date each year, until completion of the Plan. Payments will be made from the Plan Funding Account, except for Class 1 payments, which can be made monthly, or when due.  Class 11 will be paid in full.  The yearly payments will be the remaining amount of disposable income after payment of Class 1, and payment to secured creditors.

# VII.  IMPAIRMENT

Class 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 are impaired by the Plan. Members of these classes' rights are affected.  Unsecured Creditors of Class 11 will receive approx 100% of their claims. Based on the Liquidation Analysis attached to the Disclosure Statement as Appendix "A", members of Classes 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12, in sum, receive a greater payment than they would receive from liquidation by a Trustee.

Debtor shall have 30 days following Plan Confirmation to (a) object to allowance of any Proof of Claim or scheduled claim, and (b) bring any action for discharge or declaratory judgment of any claim.

# VIII.  EFFECTS OF CONFIRMATION.

Upon Plan Confirmation, and thereafter, Reorganized Debtor shall perform all the acts required of them above.

The Reorganized Debtor shall make all payments and transfers required under this Plan.

Unless otherwise ordered by the Court at the time of Confirmation, after the Effective Date, the Reorganized Debtor shall have authority to pay post confirmation operating expenses, professional fees, and other expenses incurred by it in post confirmation of this Plan without further court order.

Plan completion shall operate as a discharge of debt pursuant to 11 U.S.C. § 1141(d).  Your debt, excepting transfers and payments described above, will be discharged and unenforceable.

# IX. SUBSTANTIAL CONSUMMATION.

Substantial Consummation of the Plan shall occur when distribution under the Plan is commenced.

# X.    CLOSURE OF CASE.

This Plan contains a "substantial consummation" provision. Substantial Consummation of the Plan shall occur when distribution under the Plan is commenced.

A final decree will not be entered and the Debtor's bankruptcy proceeding will not be closed until the Plan has been completed and a discharge has either been granted or waived by the Debtor.

If the Debtor's Plan is closed before a discharge is granted, creditors are bound by the terms of this Plan, and may not undertake any collection activities unless specifically permitted by this Plan, or by order of the Bankruptcy Court.

# XI. RETENTION OF LIEN OR SECURITY INTEREST.

Debtor's Plan provides that Classes 5, 6, 7, 8, 9, and 10 shall retain their liens on the specific secured property, until paid all amounts due under this Plan.

# XII. JURISDICTION AND DISCHARGE UPON CONSUMMATION AND PAYMENT IN FULL OF CLAIMS

The Court shall enter an Order of Discharge pursuant to 11 U.S.C. § 1141, on motion of the Debtor, as provided for in the Debtor's Disclosure Statement, Sections XI, XII and XIII.

The Bankruptcy Court will retain jurisdiction after confirmation of Plan, including jurisdiction, as follows:

- For the modification of Debtor's Plan after confirmation, subject to the provisions and restrictions of the Bankruptcy Rules and Title 11 of the United States Code.
- To enforce and interpret the terms and conditions of Debtor's Plan.
- Entry of any Order, including injunctions, necessary to enforce the title, rights and powers of the Debtor to impose such limitations, restrictions, terms and conditions of such title, rights and powers as this Court may deem necessary.
- Entry of an Order concluding and terminating this case.

The Debtor shall immediately, upon confirmation of this Plan of Reorganization, begin carrying out the terms herein.

DATED this _5th_ day of Feburary, 2018.

WINSTON & CASHATT, LAWYERS

Timothy R. Fischer, WSBA No. 40075
Attorneys for Debtor in Possession

AGREED AND APPROVED:

_See Attached_
Roger Stadtmueller

1    - For the modification of Debtor's Plan after confirmation, subject to the
2      provisions and restrictions of the Bankruptcy Rules and Title 11 of the
3      United States Code.
4    - To enforce and interpret the terms and conditions of Debtor's Plan.
5    - Entry of any Order, including injunctions, necessary to enforce the
6      title, rights and powers of the Debtor to impose such limitations,
7      restrictions, terms and conditions of such title, rights and powers as
8      this Court may deem necessary.
9    - Entry of an Order concluding and terminating this case.
10   The Debtor shall immediately, upon confirmation of this Plan of
11   Reorganization, begin carrying out the terms herein.

16   DATED this ___ day of Feburary, 2018.

                                        WINSTON & CASHATT, LAWYERS


                                        _____
                                        Timothy R. Fischer, WSBA No. 40075
                                        Attorneys for Debtor in Possession

     AGREED AND APPROVED:

     _____
     Roger Stadtmueller

DEBTOR'S PLAN OF REORGANIZATION - 23