RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Rika.Valdman@usdoj.gov

JOSEPH HARRINGTON
United States Attorney
Eastern District of Washington
*Of Counsel*

*Attorneys for the United States of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ROGER A. STADTMUELLER,<br><br>Debtor. | Case No. 17-03545-FPC11<br>Chapter 11<br><br>**UNITED STATES' NOTICE AND MOTION TO CONVERT OR APPOINT A TRUSTEE** |

PLEASE TAKE NOTICE that the United States of America ("United States") hereby moves the Court for an Order converting the above-captioned Chapter 11 case to a Chapter 7 case or alternatively appointing a trustee.

Any party objecting to the motion must file a written objection stating the grounds for the objection. Any objection, to be effective, must be filed with the Court no later than 21 days from the service of this Notice, by sending the same to Clerk of the Court at 402 E. Yakima Ave., Suite 200, Yakima, WA 98901 or 904 West Riverside Avenue, Room 304, Spokane, WA 99201, and served upon the undersigned, and on the trustee. The date of service of this Notice is specified below and in the Proof of Service which accompanies this Notice.

All persons should note that their failure to file an objection may result in the Court entering an order as stated above.

## **MOTION**

The United States, by and through its undersigned counsel, pursuant to 11 U.S.C. §§ 1112(b) and 1104(a), hereby moves the Court to convert this case to Chapter 7 or to appoint a trustee. The relief in this Motion is sought alternatively to the relief sought in the United States' Motion to Dismiss, filed on February 1, 2018. ECF No. 43. By reference, the United States incorporates its Motion to Dismiss, including the background referenced therein.

Section 1112(b) authorizes the bankruptcy court to dismiss or convert a Chapter 11 case to a Chapter 7, whichever is in the best interests of creditors and the estate, "for cause, unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and

U.S.' Motion to Convert or Appoint Trustee
(Case No. 17-03545-FPC11)

2

the estate." 11 U.S.C. § 1112(b). "Although the language of section 1112(b) provides a list of possible circumstances for 'cause,' this is not an exhaustive list, and in fact the court is not limited to the enumerated grounds in making its determination of some 'cause.' … Thus, in determining 'cause' for dismissal the court may consider other factors as they arise and use its powers to reach appropriate results in individual cases." *In re Gonic Realty Tr.*, 909 F.2d 624, 626 (1st Cir. 1990) (internal quotations and citations omitted). "The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)." *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (9th Cir. B.A.P. 2014). The movant bears the burden of proving by a preponderance of the evidence that cause exists for dismissal or conversion. *Matter of Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994)

Additionally, the court may order the appointment of a Chapter 11 trustee and replace the debtor in possession. 11 U.S.C. § 1104(a). The appointment is mandatory if a court finds cause, including "fraud, dishonesty, incompetence, or gross mismanagement" by the debtor's current management, or if the court determines that "the appointment is in the interest of creditors." 11 U.S.C. § 1104(a). Some courts hold that the movant must establish cause of appointment of a trustee by the preponderance of the evidence. *In re Corona Care Convalescent Corp.*, 527 B.R. 379, 384 (Bankr. C.D. Cal. 2015) ("The parties seeking

U.S.' Motion to Convert or
Appoint Trustee
(Case No. 17-03545-FPC11)

3

appointment of a Chapter 11 trustee under 11 U.S.C. § 1112(b)(1) and/or 1104(a) have the burden of proving appropriate grounds exist for such appointment by the preponderance of the evidence") (citations omitted); *Tradex Corp. v. Morse*, 339 B.R. 823, 832 (D.Mass.2006); *In re Costa Bonita Beach Resort*, 479 B.R. 14, 44 (Bankr.D.P.R.2012); *see also Grogan v. Garner*, 498 U.S. 279, 286–291 (1991) (Preponderance of the evidence standard applies unless express congressional direction to apply higher standard). However, some courts have required to present clear and convincing evidence of the trustee's necessity. *In re Bayou Group, LLC*, 564 F.3d 541, 546 (2d Cir.2009); *In re G-I Holdings, Inc.*, 385 F.3d 313, 317–18 (3d Cir. 2004) (explaining that heavy "presumption" against appointment of a trustee refers to a heavy burden of persuasion by clear and convincing evidence that the party moving for appointment must bear).

Here, cause exists to dismiss or convert this case or to appoint a trustee. Debtor has failed to file income tax returns for multiple years, without any justifiable cause. While Debtor's counsel indicated that the Debtor is in the process of finalizing his income tax returns, he has not done so to date. Additionally, while the Debtor amended his Scheduled D and E/F pursuant to the filing of the United States' Motion to Dismiss, and included the IRS' claims on Schedules D and E (ECF No. 48), it still remains unclear how and when payments to the IRS will be made. Further, while there may be a change in Debtor's financial circumstances

now that he is released from prison, Debtor's accounting of his income on Schedule I of his bankruptcy schedules seems inaccurate at best, and he has failed to indicate how he intends on increasing his income. Finally, as detailed in the United States' Motion to Dismiss, this is Debtor's fourth bankruptcy petition in a period of three years and two weeks.

Summarily, as detailed in the United States' Motion to Dismiss, Debtor's bankruptcy was filed in bad faith, and there is substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. As such, this case should be dismissed or converted to Chapter 7 under 11 U.S.C. § 1112(b), or alternatively a trustee should be appointed under 11 U.S.C. § 1104(a)[1].

Respectfully submitted on February 8, 2018.

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

    */s/ Rika Valdman*
    RIKA VALDMAN
    Trial Attorney, Tax Division
    U.S. Department of Justice

---

[1] It should also be noted that whether this case is dismissed, converted to a Chapter 7, or a trustee is appointed in Debtor's stead, the bankruptcy automatic stay does not apply to the restitution judgment against the Debtor. *See In re Partida*, 862 F.3d 909 (9th Cir. 2017) *In re Robinson*, 764 F.3d 554 (6th Cir. 2014); *United States v. Colasuonno*, 697 F.3d 164 (2d Cir. 2012).

P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Rika.Valdman@usdoj.gov

JOSEPH HARRINGTON
United States Attorney
Eastern District of Washington
*Of Counsel*

*Attorneys for the United States of America*

U.S.' Motion to Convert or Appoint Trustee
(Case No. 17-03545-FPC11)

6

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2018, I filed the foregoing document with the Court through the Court's CM/ECF system, which will send notification of such filing to the following:

**Timothy R. Fischer**
Email: trf@winstoncashatt.com
*Attorney for Debtor*

**James D Perkins**
Email: james.perkins@usdoj.gov
*Attorneys for the United States' Trustee*

**Lesley D. Lueke**
Email: ecfwaeb@aldridgepite.com
*Attorney for Creditor JPMorgan Chase Bank, N.A.*

I further certify that on this 8th day of February, 2018, I caused the mailing of the foregoing to the following:

**Aldridge Pite, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

                                               */s/ Rika Valdman*
                                               RIKA VALDMAN
                                               Trial Attorney
                                               Civil Trial Section, Western Region