TIMOTHY R. FISCHER, WSBA No. 40075
WINSTON & CASHATT, LAWYERS
601 W. Riverside Avenue, Suite 1900
Spokane, WA 99201
Telephone: (509) 838-6131
Facsimile: (509) 838-1416
trf@winstoncashatt.com
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In Re: | No. 17-03545-FPC |
|---|---|
| ROGER A. STADTMUELLER, Debtor. | APPLICATION FOR ORDER APPROVING EMPLOYMENT OF ATTORNEY FOR CRIMINAL MATTER FOR DEBTOR (LF 2014) NUNC PRO TUNC |

The undersigned Debtor in possession ("Debtor") applies to the Court for an Order approving the employment of Mark E. Vovos, to prepare and complete any necessary work with regard to a civil subpoena originating in a criminal case in the United States District Court, Eastern District of Washington.

For purposes of this application and verification and the disclosures contained herein, the term APPOINTEE shall include the named appointee, and if the named appointee is an attorney partnership or corporation, or is an attorney employed as a partner, member, or regular associate of a partnership or corporation, the named appointee and each member, partner or regular associate of such partnership or corporation.

Applicant and Appointee in making and verifying this application understand that appointee is a fiduciary to the estate and is obligated to fully and

APPLICATION FOR ORDER APPROVING
EMPLOYMENT OF ATTORNEY FOR
CRIMINAL MATTER FOR DEBTOR
(LF 2014) NUNC PRO TUNC - 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

17-03545-FPC11    Doc 112    Filed 10/10/18    Entered 10/10/18 13:38:29    Pg 1 of 11

candidly disclose all material facts relating to the employment and is obligated to timely disclose subsequently discovered material facts.

Your Applicant makes the following representations under penalty of perjury and subject to 18 U.S.C. § 152:

1. That the specific facts showing the necessity for the employment are: The Debtor has been complying with the terms of his release as part of his plea agreement. He is working with the IRS in this bankruptcy proceeding. Nevertheless, the U.S. Attorney's Office has filed a "civil" subpoena under the Debtor's resolved criminal case number to appear for a deposition. Based on the nature of the deposition, the Debtor needs an experienced criminal attorney for assistance and legal advice.

2. That the reason for the selection of the above named appointee is: The appointee has long standing experience in criminal law and he has an excellent reputation in the community.

3. That the professional services to be rendered are: Representation on behalf of the Debtor for responding to the subpoena and deposition related to the criminal case in the United States District Court, Eastern District of Washington currently set for October 19, 2018. See Subpoena and Notice of Deposition attached hereto as Exhibit "A".

4. That Appointee is qualified to provide the services to be rendered based on the following: Mark E. Vovos was admitted to the Washington state bar on September 20, 1968, and is an experienced criminal attorney with extensive experience in Federal Court.

5. That any proposed arrangement as to compensation including hourly rates or flat fees if applicable, is as follows, but that approval of that arrangement and any payment or allowance of compensation for services rendered or

APPLICATION FOR ORDER APPROVING
EMPLOYMENT OF ATTORNEY FOR
CRIMINAL MATTER FOR DEBTOR
(LF 2014) NUNC PRO TUNC - 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

17-03545-FPC11    Doc 112    Filed 10/10/18    Entered 10/10/18 13:38:29    Pg 2 of 11

reimbursement of expenses will be in accordance with 11 U.S.C. §§ 329 and 330 and FRBP 2016: Debtor's Bankruptcy Estate will be charged fees at the rate of $275.00 per hour.

6. That Appointee is not a relative of the Bankruptcy Judge assigned to this case.

7. That Appointee does not hold or represent an interest adverse to the estate, nor is Appointee an interested person. Appointee has not served as examiner in the case.

8. That to the best of your Applicant's knowledge, all of the Appointee's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee or the Bankruptcy Judge assigned the case are as follows:

  A. That Appointee is not a creditor as defined by 11 U.S.C. § 101(10).

  B. That Appointee is not indebted to the Debtor or to the estate.

  C. That Appointee has not represented an entity that is classified as a creditor as defined by 11 U.S.C. § 101(10).

  D. That Appointee has not been an equity security holder as defined in 11 U.S.C. § 101(17).

  E. That Appointee has not represented an equity security holder as defined by 11 U.S.C. §C 101(17).

  F. That Appointee has not been an insider as defined by 11 U.S.C. § 101(31).

  G. That Appointee has not represented an insider as defined by 11 U.S.C. § 101(31), except for prior representation related to release restrictions.

APPLICATION FOR ORDER APPROVING
EMPLOYMENT OF ATTORNEY FOR
CRIMINAL MATTER FOR DEBTOR
(LF 2014) NUNC PRO TUNC - 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

17-03545-FPC11    Doc 112    Filed 10/10/18    Entered 10/10/18 13:38:29    Pg 3 of 11

H. There are no conflicts of interest with regard to this representation.

I. That Appointee has not participated in transactions with the Debtor, including actions under 11 U.S.C. § 329(a) and FRBP 2017(a), except for prior representation related to release restrictions.

J. That Appointee has not received or been promised compensation from Debtor or some other entity for services rendered in this case.

K. That Appointee has caused to be conducted an internal conflicts check in regard to representation of other clients as required by any code or rules of professional conduct, **and found that no conflict exists.**

DATED this 10th day of October, 2018.

WINSTON & CASHATT, LAWYERS

/s/ Timothy R. Fischer

---

TIMOTHY R. FISCHER, WSBA #40075
Attorneys for Debtor

I, Mark E. Vovos, the undersigned Appointee, do hereby state under penalty of perjury of the laws of the United States that I have read the above representations and verify that they are true and accurate and that they disclose all material facts required to the best of my knowledge and belief.

---

MARK E. VOVOS, WSBA #4474
1309 W Dean Ave Ste 100
Spokane, WA 99201
Telephone: (509) 326-5220
Facsimile: (509) 326-5226

APPLICATION FOR ORDER APPROVING
EMPLOYMENT OF ATTORNEY FOR
CRIMINAL MATTER FOR DEBTOR
(LF 2014) NUNC PRO TUNC - 4

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1500 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

17-03545-FPC11    Doc 112    Filed 10/10/18    Entered 10/10/18 13:38:29    Pg 4 of 11

# Exhibit "A"

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

| United State of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:15-CR-00059-001 |
| ROGER STADTMUELLER | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ROGER STADTMUELLER

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: U.S. Attorney's Office, 920 W. Riverside Ave., Suite 340, Spokane, WA 99201 | Date and Time: 09/25/2018 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically by certified court reporter & notary public

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Attached as Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/28/2018

*CLERK OF COURT*

OR _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America _____, who issues or requests this subpoena, are:

Brian M. Donovan, U.S.A.O., P.O. Box 1494, Spokane, WA 99210-1494; brian.donovan@usdoj.gov; 509-835-6316

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:15-CR-00059-001

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Roger Stadtmueller on *(date)* 08/28/2018 .

☑ I served the subpoena by delivering a copy to the named individual as follows: Via First Class Mail:

Roger Stadtmueller, 3611 W. Strong Road, Spokane, WA 99208

on *(date)* 08/28/2018 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 08/28/2018

*Server's signature*

Kendall Curtis, Legal Assistant
*Printed name and title*

U.S. Attorney's Office
P.O. Box 1494
Spokane, WA 99210-1494
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

JOSEPH H. HARRINGTON
United States Attorney
BRIAN M. DONOVAN
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767
Counsel for the United States

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROGER A. STADTMUELLER,<br><br>    Defendant, | No. 2:15-CR-00059-001<br><br>SUBPOENA TO ROGER STADTMUELLER |

Exhibit A to Subpoena to Roger Stadtmueller

1. Any and all records, statements, information, or documents in your possession dated August 2017 to present relating to any and all assets, including but not limited to wages, money, monetary gifts, personal or real property, gifts of personal property worth more than $500 in value, inheritances, personal loans, or other assets, received by you, owned by you, in which you have a total or partial interest, to which you have any rights, and/or over which you have any control.

2. Any and all records, statements, information, or documents in your possession dated relating to any and all businesses in for which you are employed, in which you have interest, over which you exercise control, directly or indirectly, and/or from which you receive income, wages, or other consideration.

3. Any and all records, statements, cash flow statements, information, or documents in your possession relating to any and all accounts, including but not limited to checking and savings accounts, investment accounts, stock brokerage accounts, or retirement accounts, held by you or companies in your control, directly or indirectly, from August, 2017 to present.

1  JOSEPH H. HARRINGTON
   United States Attorney
2  Eastern District of Washington
   *Brian M. Donovan*
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
5  Fax: (509) 835-6397

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:15-CR-00059-001 |
| Plaintiffs, | NOTICE OF DEPOSITION OF ROGER STADTMUELLER |
| vs. | |
| ROGER STADTMUELLER, | |
| Defendant. | |

TO:  ROGER STADTMUELLER

PLEASE TAKE NOTICE that the United States of America will take the oral deposition of Roger Stadtmueller, on September 25, 2018, at 10:00 a.m., at U.S. Attorney's Office, 920 W. Riverside Ave., Suite 340, Spokane, Washington 99201, by a court reporter and Notary Public. The oral examination shall continue from day-to-day until completed. You are to remain in attendance upon the undersigned's request until your deposition is completed or until discharged. If this date and time doesn't work for you, please contact this office immediately to reschedule the deposition.

The deposition is being taken pursuant to the Federal Rules of Civil Procedure, including but not limited to Rules 26, 30, 34 and 45, and this deposition may be used in any manner authorized by the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

NOTICE OF DEPOSITION - 1

Failure to appear at the time and place of designated, and/or to respond to this deposition notice may result in the imposition of reasonable costs and attorney's fees under the Federal Rules of Civil Procedure and/other applicable federal law.

Dated this 28th day of August, 2018.

JOSEPH H. HARRINGTON
United States Attorney

*s/ Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney

## *CERTIFICATE OF SERVICE*

I hereby certify that on August 28, 2018, I mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Roger Stadtmueller
3611 W. Strong Road
Spokane, WA 99208

*s/ Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney

NOTICE OF DEPOSITION - 2